■ In the Matter of LARRY G. CAMPBELL, Appellant, v GEORGE J. BARTLETT, as Superintendent of Elmira Correctional Facility, et al., Respondents. [609 NYS2d 877] —Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered March 18, 1993 in Tompkins County, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to CPLR article 78, to expunge from petitioner's correc-

tional supervision and personal history all references to an administrative segregation recommendation issued against him.

The record reveals that an administrative segregation recommendation against petitioner was dismissed after he was transferred to a different correctional facility before a hearing on the pending charge could be held. While Supreme Court granted petitioner's request to have all references to the matter expunged from his correctional supervision history and personal history records, he argues that all other files relating to the matter should be expunged and that he should be granted a hearing to challenge the accuracy of information included in his prison records. We disagree. Petitioner has no right to contest information included in the records beyond what was already granted by Supreme Court. Moreover, it is settled law that an inmate has no right to a hearing to determine what information should go into his or her file.

Mikoll, J. P., Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.