■ In the Matter of CLARENCE GREEN, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents. [638 NYS2d 929] —Crew III, J.

Following a tier III disciplinary hearing petitioner, an inmate at Clinton Correctional Facility in Clinton County, was found guilty of possession of a weapon, assault on an inmate and commission of a Penal Law offense. The charges stemmed from the stabbing death of a fellow inmate. The determination was affirmed on administrative appeal and a penalty was imposed. Petitioner thereafter commenced this proceeding seeking to set aside the determination. Supreme Court dismissed the petition, and this appeal by petitioner followed.

We affirm. To the extent that the arguments raised by petitioner on appeal have been preserved for review and, hence, are properly before this Court, we find them to be lacking in merit. With respect to petitioner's claim that the Hearing Officer failed to independently assess the credibility of those providing confidential testimony, our review of the in camera materials provided to this Court reveals that the information received was sufficiently detailed and specific to furnish an objective basis for concluding that it was credible (see generally, Matter of Abdur-Raheem v Mann, 85 NY2d 113, 122-123). We similarly reject petitioner's assertion that "meaningful redaction" of the confidential testimony would have been possible (see, Matter of Morales v Senkowski, 165 AD2d 393).

Finally, there is nothing in the transcript of the confidential testimony to suggest that a photo array played any role in the confidential informants' identification of petitioner as the perpetrator and, absent some indication that the array played a part in the disciplinary determination, petitioner's due pro-

cess claim is unpersuasive (*compare, Matter of Rosario v Selsky*, 169 AD2d 955). Petitioner's remaining contentions, including his assertion that the Hearing Officer was biased, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.