■ In the Matter of HERMAN SCOTT, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, Respondent. [645 NYS2d 558] —Peters, J.

On September 16, 1994, an inmate named Darrell Schermerhorn was assaulted by other inmates in the bathroom area of the main gym at Clinton Correctional Facility in Clinton County. During the course of this assault, Schermerhorn was stabbed and seriously wounded. No correction officers witnessed the assault and Schermerhorn refused to answer any questions or otherwise cooperate in the investigation. Subsequently, in a misbehavior report dated September 28, 1994 which was au-

thored by Correction Sergeant Steven Jennett, petitioner was charged with violating prison disciplinary rules (7 NYCRR 270.2) 100.10 (assault on an inmate) and 100.13 (fighting) in connection with the stabbing incident. The report stated that petitioner was "identified after interviews and a positive identification by confidential sources, using a photo line up". A tier III hearing was thereafter conducted during the course of which the Hearing Officer advised petitioner that he would take confidential testimony to determine the basis for Jennett's report. Following the completion of the evidence, petitioner was found guilty of the charges and a penalty was imposed of 1,000 days' confinement to the special housing unit with loss of privileges, and the loss of 24 months of good time. The determination was affirmed on administrative appeal and petitioner then commenced this CPLR article 78 proceeding seeking to set aside the determination.

We confirm. Petitioner's principal contention that the Hearing Officer improperly based its determination on the confidential information given outside the record has been considered and rejected. It is now well established that "a prison disciplinary determination may be predicated upon testimony given by a confidential informant, even though the inmate has not been permitted access to it * * * so long as the Hearing Officer makes an independent assessment of the informant's reliability" (*Matter of Otero v Coughlin*, 225 AD2d 841 [citations omitted]; *see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 119). Here, our in camera review of the materials submitted to this Court "reveals that the information received was sufficiently detailed and specific to furnish an objective basis for concluding that it was credible" (*Matter of Green v Coughlin*, 225 AD2d 812; *see, Matter of Giakoumelos v Coughlin*, 192 AD2d 998, *lv denied* 82 NY2d 658).

In our view, this proof, combined with other evidence in the record including petitioner's own testimony and that of his witnesses, provided substantial evidence for the determination of guilt (*see, Matter of Otero v Coughlin, supra*). With respect to petitioner's claim that the Hearing Officer improperly interviewed the informant confidentially without giving a specific reason for this action, we note that the law is clear that a disciplinary determination will not be set aside for failure to allow an inmate to be present for questioning when "the record discloses the basis for the denial" (*Matter of Laureano v Kuhlmann*, 75 NY2d 141, 147). In this case, confidential information clearly establishes that security reasons and/or fear of reprisal was the basis for the determination excluding petitioner from being present for this testimony.

Finally, given the seriousness of the offense combined with petitioner's lengthy disciplinary record, we cannot agree with petitioner's assessment that the penalty imposed was unduly harsh or disproportionate to the sustained offenses so as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 233; *see also, Matter of Serra v Selsky*, 223 AD2d 845).

Cardona, P. J., Mercure, White and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.