■ In the Matter of JOHN WILSON, Petitioner, v PHILIP COOMBE, JR., as Acting Commissioner of New York State Department of Correctional Services, Respondent. [649 NYS2d 886] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: On November 21, 1994, an inmate was stabbed and seriously injured in the N-1 dorm at Wyoming Correctional Facility. No correction officers witnessed the incident and the victim refused to name his assailant. Subsequently, petitioner was charged in connection with the incident, based upon information provided by a confidential

informant who witnessed the incident. According to the misbehavior report, the confidential informant identified petitioner through the use of a photo array. The confidential informant stated that petitioner stabbed the victim with a homemade knife and that another inmate retrieved the knife from petitioner and left the dorm area. A search of that inmate's cell uncovered a homemade knife capable of inflicting wounds consistent with those sustained by the victim.

Petitioner testified at his Tier III hearing that he was in another room watching television at the time of the incident. The Hearing Officer found petitioner guilty of the charges in connection with the incident. That determination was affirmed on petitioner's administrative appeal and petitioner commenced this CPLR article 78 proceeding challenging the determination. The proceeding was transferred to this Court pursuant to CPLR 7804 (g).

Upon our review of the record, we conclude that the determination is supported by substantial evidence. It is well established that an inmate disciplinary determination may be based on information provided by a confidential informant so long as the Hearing Officer first makes an independent assessment of the informant's credibility (see, Matter of Abdur-Raheem v Mann, 85 NY2d 113, 119). In the present case, the Hearing Officer personally interviewed the confidential informant who witnessed the incident. We conclude that the record establishes that the Hearing Officer made adequate inquiry regarding the reliability of the information provided and the credibility of the confidential informant (see, Matter of Abdur-Raheem v Mann, supra; Matter of Scott v Coombe, 228 AD2d 996; Matter of Smith v Coombe, 228 AD2d 762; Matter of Ayala v Coombe, 227 AD2d 752). We reject the contention of petitioner that the Hearing Officer improperly served in that capacity (see, 7 NYCRR 254.1). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Fallon, Wesley, Balio and Davis, JJ.