■ In the Matter of JOEL O'KEEFE, Petitioner, v PHILLIP COOMBE, JR., as Commissioner of Correctional Services, et al., Respondents. [650 NYS2d 47] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

In September 1994, petitioner was in the custody of the State Police when he escaped from the back seat of a police cruiser and absconded, eluding capture for several days. In February 1995, petitioner was incarcerated at Attica Correctional Facility in Wyoming County, assigned to the administrative segregation unit. An administrative hearing resulted in a decision rejecting petitioner's contention that he should be released from administrative segregation and housed with the general inmate population. Petitioner then commenced this CPLR article 78 proceeding.

A determination confining an inmate to administrative segregation must be supported by substantial evidence showing that his "presence in [the] general population would pose a threat to the safety and security of the facility" (7 NYCRR 301.4 [b]). We find that substantial evidence supports the determination here. Petitioner's history of escape is a matter of public record. In addition, evidence was presented at the administrative hearing by a confidential informant stating that petitioner was formulating plans for another escape attempt. There was, accordingly, substantial evidence that petitioner posed a threat to the safety and security of the facility, thereby justifying the determination that his assignment to administrative segregation was appropriate (*see, Matter of Blake v Mann*, 75 NY2d 742, 743, *affg* 145 AD2d 699; *Matter of Scott v Coombe*, 228 AD2d 996, 998). We have examined petitioner's remaining contentions and find them to be either without merit or unpreserved for our review.

Mikoll, J. P., Mercure, Crew III, White and Casey, JJ.,

concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.