■ In the Matter of ROBERT FRANCELLA, Petitioner, v DONALD SELSKY, as Director of Special Housing, New York State

Department of Correctional Services, Respondent. [654 NYS2d 431] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which directed that petitioner be placed in administrative segregation.

On March 16, 1995, a confidential informant approached Correction Sergeant Anthony Pavone to advise him that petitioner was going to receive some serious contraband through the mail. Pavone contacted another correction officer who told Pavone that he was investigating an anonymous letter stating that petitioner was attempting to get other inmates to help him "hit" another inmate. Later on March 16, a package addressed to petitioner was opened and inspected, revealing three hacksaw blades and 12 .22-caliber bullets hidden in pastry. Prison officials then issued an order of administrative segregation. A lengthy hearing was held between March 24 and 31, 1995 that resulted in a determination assigning petitioner to administrative segregation for an indefinite period. This determination is the subject of this CPLR article 78 proceeding.

An inmate may be placed in administrative segregation when it is determined that his or her presence in the general population would pose a threat to the safety and security of the facility (7 NYCRR 301.4 [b]). In making this assessment, prison authorities may draw on more than the specific facts of a particular incident; they may consider the character of the inmates confined in the institution, as well as the longstanding relations between the inmate and guards and other inmates (see, Hewitt v Helms, 459 US 460, 474). As the Supreme Court noted, "[I]n the volatile atmosphere of a prison, an inmate easily may constitute an unacceptable threat to the safety of other prisoners and guards even if he himself has committed no misconduct; rumor, reputation, and even more imponderable factors may suffice to spark potentially disastrous incidents" (id.).

Here, while petitioner contends that he should not be penalized for being the intended recipient of prison contraband, an event over which he had no control, evidence adduced at petitioner's administrative hearing showed that the arrival of the packages in question was symptomatic of the threat to security posed by petitioner's continued presence in the general inmate population. Hearing testimony disclosed that petitioner has a reputation in the correctional system as a powerful figure with many inmate allies and enemies; petitioner having

boasted "I got a hundred inmates that * * * listen to what I say." At least one inmate has voluntarily entered protective custody to avoid threatened harm from petitioner while 39 inmates are listed on petitioner's "separatee" (enemies) list, one of whom is suspected of arranging the mailing of the contraband to petitioner. It should also be noted that among petitioner's activities since becoming an inmate is the attempted bribery of a juror in the trial of Peter Gotti on Federal racketeering charges, a crime for which petitioner was convicted on his plea of guilty and sentenced to one year in Federal prison. He also admitted to having a sexual relationship with a female correction officer at another facility.

While petitioner may not be directly responsible for the arrival of the contraband at the facility, his machinations during his incarceration are at least indirectly responsible for its presence at the facility. We conclude that substantial evidence supports the decision assigning petitioner to administrative segregation on the ground that he poses a threat to the facility's safety and security (see, Matter of Perez v Selsky, 234 AD2d 844).

Petitioner's remaining contentions are easily disposed of. His argument that the hearing was not timely is meritless since 7 NYCRR 301.4 (a) merely requires that the hearing be conducted within 14 days of an inmate's admission to administrative segregation, not that it commence within seven days as petitioner maintains. We need not consider the argument that the Hearing Officer failed to make an independent assessment of the confidential informant's reliability since the record evidence, without consideration of the confidential information, is legally sufficient to support the determination (see, Matter of Fletcher v Selsky, 199 AD2d 865, 866, lv denied 83 NY2d 753; Matter of Turner v Coughlin, 186 AD2d 843).

Mikoll, J. P., Mercure, White, Casey and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.