■ In the Matter of JOHN ROE, Petitioner, v DONALD SELSKY, as Director of Special Housing for the Department of Correctional Services, et al., Respondents. [673 NYS2d 238] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondents which directed that petitioner be placed in administrative segregation.

Petitioner, a prison inmate, was placed under administrative segregation in the special housing unit of the correctional facility where he was incarcerated. Petitioner was served with an administrative segregation recommendation form which stated that the reason for removing petitioner from the general prison population was that he "pose[d] a threat to its safety, security and good running order". At the subsequent hearing, a prison official at the facility testified that petitioner was placed in administrative segregation based on the confidential information relayed to him. The prison official recommended that the Hearing Officer review this information in camera since its publication could jeopardize "investigative techniques". Following the hearing, the Hearing Officer ruled that petitioner should remain in administrative segregation. After this determination was affirmed upon administrative appeal, petitioner initiated this CPLR article 78 proceeding which was subsequently·transferred to this Court pursuant to CPLR 7804 (g).

Petitioner contends that the notice recommending administrative segregation was deficient because it did not contain any detailed reasons for the recommendation and thereby deprived

him of the opportunity to adequately represent himself at the hearing. Although the notice was vague, we are convinced that greater detail was not possible due to the necessity of keeping the information which precipitated the recommendation confidential in the interest of the facility's security (*see, Matter of Bryant v Mann,* 160 AD2d 1086, 1089, *lv denied* 76 NY2d 706). In any event, when petitioner requested at the hearing that the prison official specify the basis for placing him in administrative segregation, the prison official replied that "[i]t's tied into [petitioner's] activities as a member of an organization [at more that one facility]". Petitioner specifically denied being involved in any gang activity that would threaten facility security and emphasized his good prison disciplinary record to dispute the claim that he could not safely remain in the general prison population, all arguments that were duly considered by the Hearing Officer.

While it is true that the use of confidential information will necessarily infringe upon an inmate's due process right to know the evidence relied upon in the hearing (*see, Matter of Bostic v Coughlin,* 216 AD2d 766, 767), we note that the instant proceeding involves a determination as to whether the petitioner should be administratively segregated for reasons of prison security, not whether he is guilty of violating prison regulations, a distinction which results in different due process protections being applied (*see, Hewitt v Helms,* 459 US 460, 473). In this context, "the requirements of due process were satisfied by notice to petitioner and an opportunity to present his views" (*Matter of Blake v Coughlin,* 189 AD2d 1016, 1017). Given the particular circumstances presented here, we conclude that petitioner was provided sufficient notice and an opportunity to present his views despite the restrictions placed on him by reason of the use of confidential information.

We are similarly unpersuaded by petitioner's contention that the record lacks substantial evidence to support the determination that petitioner should remain in administrative segregation because his presence in the general population posed a potential threat to the safety and security of the facility (*see,* 7 NYCRR 301.4 [b]). Our conclusion is based upon, *inter alia,* the recommendation, the hearing evidence and the confidential testimony (*see, Matter of Di Rose v Pico,* 247 AD2d 687). Contrary to petitioner's argument, the Hearing Officer did not err in finding the confidential information credible and reliable. Our own in camera review of this evidence reveals precisely the detailed and specific information sufficient to form an objective basis for the Hearing Officer's determination that reliable

and credible information existed to support the administrative segregation recommendation (*see, Matter of Robinson v Leonardo,* 179 AD2d 951, 953, *lv denied* 79 NY2d 759; *see also, Matter of Scott v Coombe,* 228 AD2d 996, 997, *lv denied* 89 NY2d 801).

Finally, we note that the remaining issues raised in the petition have not been addressed in petitioner's brief; accordingly, we deem them to be abandoned (*see, Matter of Hakeem v Wong,* 223 AD2d 765, *lv denied* 88 NY2d 802). In any event, were we to address these issues, we would find them to be lacking in merit.

Cardona, P. J., Yesawich Jr., Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.