■ In the Matter of RAFAEL TORRES, Petitioner, v RICHARD DOLING, as Hearing Officer, et al., Respondents. [684 NYS2d 671]

—Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondents which directed that petitioner be placed in administrative segregation.

Petitioner, a prison inmate, was placed under administrative segregation in the special housing unit of the correctional facility where he was incarcerated. He was served with an administrative segregation recommendation form which stated that the reason for removing petitioner from the general prison population was that an investigation revealed, *inter alia*, that petitioner was using his position as a hospital porter to transport contraband and also to obtain the names of inmate assault victims who were cooperating with facility investigations and then passing this information on to other inmates. The author of the recommendation, Correction Officer K. Smith, opined that petitioner's "presence in population presents a danger to other inmates and staff". At the subsequent hearing, Smith testified as to certain details and also testified in camera as to the confidential information gleaned in the course of his investigation. After taking into account all the testimony and also other confidential information, the Hearing Officer ultimately ruled that petitioner should remain in administrative segregation. After the determination was affirmed upon administrative appeal, petitioner initiated this CPLR article 78 proceeding which was subsequently transferred to this Court pursuant to CPLR 7804 (g).

We confirm. Upon review of the record, we conclude that the record contains substantial evidence to support the determination that petitioner should remain in administrative segregation. This conclusion is based upon, *inter alia*, the recommendation, the hearing evidence and the confidential testimony (*see, Matter of Roe v Selsky*, 250 AD2d 935; *Matter of Di Rose v Pico*, 247 AD2d 687). Contrary to petitioner's contention, the Hearing Officer did make appropriate findings regarding the confidential information and this Court's own in camera review lends to the conclusion that there was reliable and credible information in the record to support the administrative segregation recommendation and to support the Hearing Officer's determination (*see, Matter of Roe v Selsky, supra*, at 936-937). Petitioner's remaining contentions have been reviewed and found to be unpersuasive.

Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.