■ In the Matter of MARK CROSS, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit/Inmate Disciplinary Programs, Respondent. [706 NYS2d 746] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent which directed that petitioner be placed in administrative segregation.

Petitioner was served with an administrative segregation recommendation form requesting that he be removed from the

general prison population because confidential sources had identified him as a gang leader who incited violent conduct causing him to be "a serious threat to the safety and security of the facility." The segregation order, on appeal, was administratively reversed and a new hearing was ordered. Several witnesses testified at the ensuing hearing, including the author of the administration segregation recommendation form who testified, in camera, as to the reliability of confidential information gleaned in the course of his investigation. After this determination was affirmed on administrative appeal, petitioner initiated this CPLR article 78 proceeding which was transferred to this Court pursuant to CPLR 7804 (g). Based on this evidence, the Hearing Officer ruled that petitioner remain in administrative segregation. In the interim, petitioner was transferred to a different correctional facility where he was admitted into the general prison population.

While this fact renders moot petitioner's request to be released from administrative segregation, it does not render moot his request for expungement of this determination from his record (*see, e.g., Matter of Stephens v Central Off. Review Comm. of N. Y. State Dept. of Correctional Servs.*, 255 AD2d 845, 846; *Matter of Campbell v Bartlett*, 202 AD2d 820, *lv denied* 84 NY2d 808; *Matter of Rivera v. Coughlin*, 184 AD2d 933).

We therefore address the merits and conclude that the record contains substantial evidence to support the determination placing petitioner in administrative segregation (*see, Matter of Roe v Selsky*, 250 AD2d 935; *Matter of Di Rose v Pico*, 247 AD2d 687). The record does not support petitioner's claim that he was denied effective employee assistance and was prejudiced by the alleged ineffectiveness (*see, Matter of Hill v Coombe*, 227 AD2d 706). Moreover, a review of the in camera material convinces us that the Hearing Officer independently assessed its reliability (*see, Matter of Rosales v Goord*, 265 AD2d 713, *lv denied* 94 NY2d 758), which, in any event, was not the sole basis for the determination.

Petitioner's remaining contentions, including his challenge to the rehearing (*see, Matter of Dawes v Coughlin*, 83 NY2d 597), have been reviewed and found to be unsubstantiated in the record or lacking in merit.

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.