■ In the Matter of WILLIAM BLAKE, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [781 NYS2d 802]—

Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which directed that petitioner be placed in administrative segregation.

In 1987, petitioner was convicted of the crimes of murder in the first degree and attempted murder in the first degree for his fatal shooting of one Deputy Sheriff and critical wounding of another while attempting to escape from police custody. For these convictions, petitioner received a prison sentence of $57^{1}/_{2}$ years to life and, based on the Commissioner of Correctional Services' subsequent determination that he was a violent escape risk, has spent most of his period of incarceration in either involuntary protective custody or administrative segregation. Following a June 2002 hearing, a Hearing Officer recommended that petitioner's placement in administrative segregation be continued, which determination was upheld on administrative appeal. Petitioner initiated this CPLR article 78 proceeding to challenge that determination. We now confirm.

The placement of an inmate in administrative segregation is justified when it is determined that the inmate's presence in the general population would threaten the safety and security of the facility where he or she is incarcerated (*see Matter of Francella v Selsky*, 236 AD2d 749, 750 [1997]; *see also* 7 NYCRR 301.4 [b]). In fashioning such a determination, prison authorities, to whom courts generally defer in matters of internal security (*see Matter of Smith v Goord*, 250 AD2d 946, 946-947 [1998], *lv denied* 92 NY2d 810 [1998]), may consider the inmate's past history of escape attempts as well as evidence, gleaned from the Commissioner's "unique expertise in predicting inmates' future behavior," that additional attempts are likely (*id.* at 947; *see Matter of Blake v Mann*, 75 NY2d 742, 743 [1989]; *Matter of O'Keefe v Coombe*, 233 AD2d 640, 640 [1996]).

In our view, the violent and heinous nature of petitioner's 1987 escape attempt, his subsequent threats to escape and kill those involved in his prosecution and the confidential testimony of prison officials, independently assessed by the Hearing Officer for its reliability and credibility, that petitioner had recently engaged in activities and communications indicating renewed interest in escaping from the facility, provide substantial evidence supporting the Commissioner's determination that petitioner continues to present a safety and security risk to the

facility which renders him unsuitable for the general prison population (*see Matter of Roe v Selsky*, 250 AD2d 935, 936-937 [1998]; *Matter of O'Keefe v Coombe, supra* at 640). In this regard, petitioner's reliance on the fact that he has not been charged with any actual escape attempt since 1987 is unpersuasive; "[a] denial of the opportunity to commit a crime cannot be equated with good conduct or taken as probative evidence of rehabilitation" (*Matter of Smith v Goord, supra* at 947).

Turning to petitioner's procedural claims, we conclude that the Hearing Officer properly precluded petitioner from calling witnesses or accessing documents that pertained to previous administrative segregation placements and, thus, were irrelevant to the present proceedings (*see Matter of Bryant v Mann*, 160 AD2d 1086, 1088 [1990], *lv denied* 76 NY2d 706 [1990]). Petitioner's claim that his hearing was untimely completed is meritless and, in any event, did not prejudice him (*see Matter of Rivera v Mann*, 224 AD2d 740, 741 [1996]; *Matter of Taylor v Coughlin*, 135 AD2d 992, 993 [1987]). We have examined petitioner's remaining contentions, including his claim of hearing officer bias, and find them to be unavailing.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.