■ In the Matter of David Burr, Petitioner, v Glenn S. Goord, as Commissioner of Correctional Services, et al., Respondents. [792 NYS2d 702]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which ordered petitioner to be placed in administrative segregation.

Petitioner was served with an administrative segregation recommendation after a letter with petitioner's name and return address was returned to the correctional facility and its contents inspected. In the letter, the word "Redrum" (murder spelled backward) is used in connection with complaints against named correctional facility employees who petitioner refers to as "pigs" who have "done [him] dirty" and are "gunning for trouble" stemming from their involvement in an incident in 1987. The letter also indicates that these employees "walk the floor alone," and are "out there in town and are no good." In addition, there is personal information about one of the employee's family members, as well as reference to a "Texan" coming to the area with his "toys" and "ammo." Following a hearing, petitioner was placed in administrative segregation and the segregation order was affirmed on administrative appeal. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the determination.*

We are unpersuaded by petitioner's contention that his due process rights were violated by the Hearing Officer's failure to provide him with "as much information as possible" in order for him to "meaningful[ly] participate in the hearing." Due process rights in administrative segregation matters are "satisfied by notice to petitioner and an opportunity to present his [or her] views" (*Matter of Blake v Coughlin*, 189 AD2d 1016, 1017 [1993]; *see Matter of Roe v Selsky*, 250 AD2d 935 [1998]). Here, petitioner was notified of the reasons for the administrative segregation recommendation and afforded an opportunity to respond.

Furthermore, although the Hearing Officer indicated that he was going to consider confidential information, the determination fails to mention any use of confidential information as a basis for the determination and the Attorney General was unable to locate any such confidential information for this Court's in camera inspection. In any event, the hostile and menacing

---

* Although petitioner has since been released from administrative segregation, the proceeding is not moot inasmuch as petitioner requests expungement of this determination from his institutional record (*see Matter of Cross v Selsky*, 271 AD2d 815, 816 [2000]).

letter, together with the testimony at the hearing, provide substantial evidence to support the determination and it will not be disturbed (*see* 7 NYCRR 301.4 [b]; *Matter of Rosales v Goord*, 265 AD2d 713 [1999], *lv denied* 94 NY2d 758 [2000]).

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.