■ In the Matter of JEFF OBREGON, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [826 NYS2d 524]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which directed that petitioner be placed in administrative segregation.

While incarcerated at Shawangunk Correctional Facility in Ulster County, petitioner was identified as the subject of a multijurisdiction investigation into a drug-trafficking ring and, as a result, a recommendation was made to place him into administrative segregation. Following a hearing, it was determined that petitioner's presence in the general population would jeopardize the safety and security of the facility and he was placed into administrative segregation. The determination was upheld on administrative appeal, prompting this CPLR article 78 proceeding.

We confirm. At the hearing, the deputy inspector general in charge of the narcotics unit for the Department of Correctional Services Inspector General's office testified that petitioner and several members of his family were the subjects of an ongoing investigation of a large-scale drug-trafficking operation. The deputy inspector general also testified that members of petitioner's family had been arrested and indicted as a result of the investigation and that the Federal Bureau of Investigation and the Drug Enforcement Administration indicated that criminal charges against petitioner were likewise forthcoming. This testimony provided substantial evidence to support the determination that administrative segregation of petitioner was warranted in that petitioner's presence in the general prison population would jeopardize the safety and security of the other inmates and staff and would be contrary to the orderly operation of the facility (*see* 7 NYCRR 301.4 [b]; *Matter of Mauleon v Goord*, 29 AD3d 1241, 1242 [2006]; *Matter of Burr v Goord*, 17 AD3d 751, 752-753 [2005]).

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.