■ In the Matter of SAMUEL CABASSA, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [840 NYS2d 161]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which placed petitioner in involuntary protective custody.

Upon receipt of information that petitioner's safety was in jeopardy, a recommendation that he be placed in involuntary protective custody was issued. After a hearing, it was determined that valid cause existed to keep petitioner in involuntary protective custody. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination.

We confirm. The involuntary protective custody recommendation and the testimony of the correction officers investigating the situation provide substantial evidence supporting the determination upholding the recommendation (*see Matter of Foster v Coughlin*, 76 NY2d 964, 966 [1990]; cf. *Matter of Smith v Goord*, 250 AD2d 946, 946-947 [1998], *lv denied* 92 NY2d 810 [1998]; *Matter of Francella v Selsky*, 236 AD2d 749, 750 [1997]). Petitioner's denial that he had made a statement about fearing for his personal safety and his allegations of retaliation for his filing a series of grievances presented a credibility issue for the Hearing Officer to resolve (*see Matter of Miller v New York*

*State Dept. of Correctional Servs.*, 295 AD2d 714, 714-715 [2002]).

Petitioner's procedural objections are unpersuasive. The record demonstrates that the hearing was conducted in a fair and impartial manner and the determination did not flow from any bias on the part of the Hearing Officer (*see Matter of Cayenne v Goord*, 16 AD3d 782, 783-784 [2005]). The Hearing Officer appropriately addressed each of petitioner's requests and properly limited redundant questions. Petitioner's limited vision disability was appropriately accommodated with a magnifying glass. By his conduct of departing from the hearing before it was completed, petitioner forfeited his right to attend the hearing. The Hearing Officer properly proceeded in his absence and petitioner waived his right to raise his procedural claims (*see Matter of Tafari v Selsky*, 31 AD3d 1087, 1088 [2006]). Petitioner's remaining contentions, to the extent preserved, have been reviewed and determined to be without merit.

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.