In the Matter of SEAN RYAN, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [852 NYS2d 490]—

Mercure, J.P.

Petitioner has been imprisoned since 1978. During his imprisonment, he was convicted of murder and arson after setting his codefendant's cell on fire, two counts of escape involving separate facilities, and assault on staff. Petitioner has been confined to a special housing unit and segregated from the general prison population for more than a decade. In April 2006, George Seyfert, Deputy Inspector General of the Department of Correctional Services, recommended administrative segregation of petitioner. Following a hearing, administrative segregation was determined to be warranted on the ground that petitioner poses a danger to the staff, inmates and the correctional facility in which he is housed. After the determination was upheld by respondent on administrative appeal, this CPLR article 78 proceeding ensued.

We confirm. A determination confining an inmate to administrative segregation will be upheld if supported by substantial evidence "that the inmate['s] presence in [the] general population would pose a threat to the safety and security of the facility" (7 NYCRR 301.4 [b]; accord Matter of O'Keefe v Coombe, 233 AD2d 640, 640 [1996]). In that regard, we note that " '[i]n the volatile atmosphere of a prison, an inmate easily may constitute an unacceptable threat to the safety of other prisoners and guards even if he himself has committed no [recent] misconduct; rumor, reputation, and even more imponderable factors may suffice to spark potentially disastrous incidents' " (Matter of Rifkin v Goord, 273 AD2d 878, 879 [2000], quoting Hewitt v Helms, 459 US 460, 474 [1983]; accord Matter of Francella v Selsky, 236 AD2d 749, 750 [1997]). Here, petitioner's

criminal convictions during his imprisonment, history of escape, and testimony minimizing the events surrounding his convictions, as well as the written recommendation and testimony of the deputy inspector general, provide substantial evidence to support respondent's determination (*see Matter of Obregon v Goord*, 36 AD3d 1034, 1035 [2007]; *Matter of Blake v Selsky*, 10 AD3d 774, 775 [2004]; *Matter of Francella v Selsky*, 236 AD2d at 750-751; *Matter of O'Keefe v Coombe*, 233 AD2d at 640). Contrary to his argument, petitioner's good behavior in the special housing unit is not determinative; " '[a] denial of the opportunity to commit a crime cannot be . . . taken as probative evidence of rehabilitation' " (*Matter of Blake v Selsky*, 10 AD3d at 776 [citation omitted]).

We reject petitioner's argument that the administrative decision to segregate him from the general prison population constitutes either criminal punishment triggering double jeopardy protection or cruel and unusual punishment (*see Matter of De Grijze v Selsky*, 305 AD2d 761, 762 [2003], *appeal dismissed* 100 NY2d 613 [2003]; *Matter of Rifkin v Goord*, 273 AD2d at 880). Furthermore, there is no indication that the Hearing Officer's off-the-record conversation with a social worker about petitioner's mental health status influenced the determination (*see Matter of Collucci v Goord*, 305 AD2d 825, 825 [2003]).

Petitioner's remaining contentions have been considered and found to be lacking in merit.

Peters, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.