■ In the Matter of TIMOTHY DUMPSON, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [856 NYS2d 733]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of the Director of Special Housing and Inmate Disciplinary Programs which directed that petitioner be placed into administrative segregation.

While petitioner was confined to the special housing unit, he was served with a recommendation by the Inspector General's office that he be placed in administrative segregation at the expiration of his disciplinary penalty. After a hearing, the recommendation was sustained upon a finding that petitioner posed a threat to the safety and security of the staff and inmates of the correctional facility. That decision was affirmed upon administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. The record establishes that, since his initial incarceration in 1986, petitioner has assaulted at least 10 correction officers, leading to two separate convictions of three counts of assault in the second degree and resulting in the imposition of additional prison terms. In one of these incidents, petitioner took five correction officers hostage, holding them for 14 hours during which he threatened and assaulted them. During a second incident, he stabbed two correction officers with a homemade knife and injured three others. Moreover, petitioner has an extensive prison disciplinary record consisting of numerous tier II and tier III infractions—most of which were committed while confined to the special housing unit and include viola-

tions of the rules prohibiting the possession of weapons, making threats, arson, violent conduct and assaulting staff and warranted the loss of seven years of good time. In our view, the foregoing provides substantial evidence that petitioner's "presence in [the] general population would pose a threat to the safety and security of the facility" (7 NYCRR 301.4 [b]; *see Matter of Ryan v Selsky*, 49 AD3d 926, 926 [2008]; *Matter of Obregon v Goord*, 36 AD3d 1034, 1035 [2007]) and, thus, the determination to place him in administrative segregation will not be disturbed. Petitioner's reliance on his recent improved behavior while in the special housing unit and his receipt of a discretionary time cut from his disciplinary penalty is not persuasive inasmuch as the " 'denial of the opportunity to commit a crime cannot be . . . taken as probative evidence of rehabilitation' " (*Matter of Blake v Selsky*, 10 AD3d 774, 776 [2004], quoting *Matter of Smith v Goord*, 250 AD2d 946, 947 [1998], *lv denied* 92 NY2d 810 [1998]; *accord Matter of Ryan v Selsky*, 49 AD3d at 927).

Petitioner's remaining contentions have been considered and found to be without merit.

Mercure, J.P., Carpinello, Kane, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.