■ In the Matter of DOMINICK J. SUTTON, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [860 NYS2d 311]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which directed that petitioner be placed into administrative segregation.

Petitioner, a prison inmate, was served with a written recommendation that he be placed in administrative segregation. Following a hearing, it was determined that petitioner posed a danger to the safety and security of the facility and, thus, the recommendation was sustained. That determination was affirmed upon administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. The record, including the written recommendation for administrative segregation, confidential documentation and confidential hearing testimony, establishes that petitioner was responsible for a "contract hit" on a sergeant in the Erie County Sheriff's Department. The record further reveals that, while petitioner was still in the county jail, "hack blades" had been mailed to him but were intercepted by the staff. In our view, the foregoing constitutes substantial evidence that petitioner's "presence in [the] general population would pose a

threat to the safety and security of the facility" (7 NYCRR 301.4 [b]; *see Matter of Dumpson v Fischer*, 51 AD3d 1161, 1162 [2008]). Accordingly, the determination to place petitioner in administrative segregation will not be disturbed.

We have examined petitioner's remaining contentions and, to the extent preserved, find them to be unavailing.

Cardona, P.J., Spain, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.