■ In the Matter of IAN DAWES, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [861 NYS2d 852]—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review (1) a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules, and (2) a determination of respondent which directed that petitioner be placed in involuntary protective custody.

Petitioner commenced this CPLR article 78 proceeding seeking to annul a tier III disciplinary determination finding him guilty of violating the prison disciplinary rules that prohibit assaulting another inmate, fighting, creating a disturbance and refusing a direct order, as well as an administrative determina-

---

tion directing that he be placed in involuntary protective custody. The Attorney General has advised this Court that the tier III determination at issue has been administratively reversed and all references thereto expunged from petitioner's institutional record. Inasmuch as petitioner has received all the relief to which he is entitled in this regard, that portion of this proceeding is moot (*see Matter of Medina v Napoli*, 49 AD3d 1145 [2008]). Similarly, the Attorney General has indicated that, upon petitioner's transfer to another correctional facility in November 2007, he was released from protective custody. Thus, petitioner's challenge to his initial placement in protective custody is moot as well (*cf. Matter of Cross v Selsky*, 271 AD2d 815, 816 [2000]).

Although petitioner's release from protective custody does not render moot his request for expungement of this determination from his institutional record (*cf. Matter of Mauleon v Goord*, 18 AD3d 992 [2005]; *Matter of Burr v Goord*, 17 AD3d 751, 752 n [2005]; *Matter of Torres v Hodges*, 285 AD2d 985, 986 [2001]; *Matter of Cross v Selsky*, 271 AD2d at 816), the involuntary protective custody recommendation and the testimony of the authoring correction officer provide substantial evidence supporting the determination upholding the challenged recommendation (*see Matter of Cabassa v Goord*, 41 AD3d 1101 [2007], *lv denied* 9 NY3d 813 [2007]). Contrary to petitioner's assertion, whatever disciplinary charges may have been filed against the other inmates involved and/or the disposition of those charges does not alter the circumstances under which petitioner sustained his various injuries.

Cardona, P.J., Mercure, Carpinello, Kane and Malone Jr., JJ., concur. Adjudged that the part of the petition challenging the February 6, 2007 determination is dismissed, as moot, without costs. Adjudged that the April 20, 2007 determination is confirmed, without costs, and petition dismissed to that extent.