■ In the Matter of HOWARD S. WRIGHT, Petitioner, v COMMISSIONER OF CORRECTIONAL SERVICES, Respondent. [884 NYS2d 776]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which directed that petitioner be placed in administrative segregation.

Petitioner, an inmate at Auburn Correctional Facility in Cayuga County, was provided a written recommendation that he be placed in administrative segregation based upon information that there was another inmate incarcerated in the facility who was related to the woman he had murdered. Following a hearing on the matter, the Hearing Officer directed that petitioner be placed in administrative segregation. This determination was upheld upon administrative appeal. This CPLR article 78 proceeding ensued.

Initially, we note that "[t]he placement of an inmate in administrative segregation is justified when it is determined that the inmate's presence in the general population would threaten the safety and security of the facility where he or she is incarcerated" (*Matter of Blake v Selsky*, 10 AD3d 774, 775 [2004]; *see Matter of Sutton v Selsky*, 52 AD3d 1135, 1135-1136 [2008]; *see also* 7 NYCRR 301.4 [b]). Moreover, " '[i]n the volatile atmosphere of a prison, an inmate easily may constitute an unacceptable threat to the safety of other prisoners and guards even if he himself has committed no misconduct; rumor, reputation, and even more imponderable factors may suffice to spark potentially disastrous incidents' " (*Matter of Rifkin v Goord*, 273 AD2d 878, 879 [2000], quoting *Hewitt v Helms*, 459 US 460, 474 [1983]). In the case at hand, the written recommendation reveals that an anonymous note had been received indicating that petitioner had murdered the female relative of another inmate and that this information had spread throughout the facility. Although petitioner denied that the murder victim was related to the other inmate or that petitioner murdered her, he conceded that he knew the other inmate through past drug dealings, that the murder victim was a mutual acquaintance of theirs and that he had an acrimonious relationship with the other inmate which had erupted into a physical altercation in the prison. In view of this, substantial evidence supports the

finding that petitioner would pose a safety threat if he were allowed to remain in the general prison population and the resulting direction that he be placed in administrative segregation (*see Matter of Abdur-Raheem v Burge*, 39 AD3d 927, 928 [2007]).

Cardona, P.J., Spain, Lahtinen, Malone Jr. and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.