■ In the Matter of EDDIE ORTIZ, Petitioner, v L. SIMMONS, as Lieutenant, Eastern Correctional Facility, et al., Respondents. [889 NYS2d 289]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review (1) a determination of the Superintendent of Eastern Correctional Facility which found petitioner guilty of violating a prison disciplinary rule, (2) a determination of the Commissioner of Correctional Services which directed petitioner be placed in involuntary protective custody, and (3) a determination of the Central Office Review Committee which denied petitioner's grievance.

Petitioner was charged in a misbehavior report with failing to follow a regulation relating to movement within the facility while incarcerated at Eastern Correctional Facility in Ulster County. Petitioner was found guilty of the charge following a tier II disciplinary hearing. This determination was affirmed on administrative appeal. Petitioner commenced this CPLR article 78 proceeding challenging this determination, as well as a determination placing him in involuntary protective custody and a determination denying a grievance.

Initially, respondents concede and we agree that the charge of failing to follow a facility regulation relating to movement is not supported by substantial evidence in the record and that the administrative determination should be annulled and all references thereto expunged from petitioner's institutional record (*see Matter of Covington v Smith*, 63 AD3d 1453, 1454 [2009]). As no loss of good time was imposed, the matter need not be remitted to redetermine the penalty (*see id.*; *Matter of Daum v Goord*, 27 AD3d 858, 858-859 [2006]).

The Attorney General has reported to this Court that petitioner has been transferred to another correctional facility. Therefore, his challenge to the determination denying his grievance pertaining to the policy at Eastern requiring his participation in a drug rehabilitation program is rendered moot, as he is no longer aggrieved by the policy (*see Matter of Bermudez v Fischer*, 55 AD3d 1099, 1100 [2008], *lv denied* 11 NY3d 714 [2009]; *Matter of Lou v Brown*, 38 AD3d 1138, 1138-1139 [2007]).

Although petitioner's challenge to his initial placement in protective custody is now moot as well, his request for expungement of this determination from his institutional record remains justiciable (*see Matter of Dawes v Fischer*, 53 AD3d 902, 903 [2008]). Upon our review, we conclude that the involuntary

protective custody recommendation, the hearing testimony and the anonymous note received by prison officials threatening petitioner's life were sufficient to support this determination (*see id.*). Petitioner's contention that the letter was fabricated in retaliation for his filing of certain grievances presented a credibility issue for the Hearing Officer to resolve (*see Matter of Muller v Fischer*, 62 AD3d 1191, 1191 [2009]).

Cardona, P.J., Spain, Rose, Kane and Stein, JJ., concur. Adjudged that the October 16, 2007 determination is annulled, without costs, petition granted to that extent and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record. Adjudged that the January 3, 2008 determination is confirmed, without costs, and petition dismissed to that extent. Adjudged that the portion of the petition challenging the August 29, 2007 determination is dismissed, as moot, without costs.