■ In the Matter of JOHN LANE, Petitioner, v ROBERT KIRKPATRICK, as Superintendent of Wende Correctional Facility, Respondent. [890 NYS2d 682]—

While an inmate at Wende Correctional Facility in Erie County, petitioner was placed in involuntary protective custody following a hearing where it was determined that his safety was in jeopardy. This determination was upheld on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. The involuntary protective custody recommendation, together with the confidential testimony considered by the Hearing Officer in camera, provide substantial evidence supporting the determination upholding the recommendation (*see Matter of Dawes v Fischer*, 53 AD3d 902, 903 [2008]). Contrary to petitioner's contention, as the Hearing Officer personally interviewed the confidential informant, he had sufficient grounds upon which to independently access the informant's credibility (*see Matter of Nova v Selsky*, 54 AD3d 453, 454 [2008]).

We reject petitioner's contention that he was improperly denied the right to call certain witnesses at the hearing, inasmuch as their testimony would have been redundant to other testimony or irrelevant to the recommendation of protective custody (*see Matter of Warren v Fischer*, 63 AD3d 1466, 1467 [2009]). Furthermore, petitioner did not request that the author of the recommendation report testify until after the Hearing Officer had rendered his determination, making the request untimely (*see Matter of Carota v Goord*, 285 AD2d 676, 677 [2001], *lv denied* 97 NY2d 603 [2001]). Also devoid of merit is petitioner's contention that he was denied a fair hearing due to the fact that certain portions of the tape-recorded testimony of one of his inmate witnesses, given outside of petitioner's presence, were inaudible when played back for him at his hearing. The hearing record contains a transcript of the witness's testimony, which reflects that the witness was asked and answered the questions that petitioner had submitted (*see Matter of Almonte v Goord*, 261 AD2d 684, 685 [1999], *lv denied* 93 NY2d 818 [1999]). Moreover, following the playback of the

testimony, the Hearing Officer accurately repeated to petitioner both the questions asked and the witness's answers. Accordingly, we discern no resulting prejudice to petitioner (*see Matter of Thomas v Coughlin*, 145 AD2d 695, 696 [1988]). Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Spain, Rose, Kane and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.