Petitioner, an inmate, was served with a written recommendation that he be placed in administrative segregation because he was suspected of being a member of an unauthorized group and “ordered the assault of other inmates.” Following a hearing and ensuing determination that petitioner posed a danger to the safety and security of the facility, the recommendation was sustained. That determination was affirmed upon administrative appeal and this CPLR article 78 proceeding ensued.*
We confirm. Initially, we reject petitioner’s challenge to the sufficiency of the hearing transcript. Despite the fact that a damaged tape prevented a portion of the hearing from being transcribed, the remaining transcript was sufficient to provide meaningful review of those arguments advanced by petitioner on appeal (see Matter of Graziano v Goord, 272 AD2d 701, 702 *880 [2000]). The record, including the written recommendation for administrative segregation and the detailed confidential information and testimony, provide substantial evidence for the determination that petitioner’s “presence in [the] general population would pose a threat to the safety and security of the facility” (7 NYCRR 301.4 [b]; see Matter of Sutton v Selsky, 52 AD3d 1135, 1135-1136 [2008]). Notably, petitioner’s contention that the Hearing Officer failed to consider his testimony at the hearing is unsupported in the record.
Turning to petitioner’s remaining procedural arguments, we are similarly unpersuaded. Contrary to his assertion, the notice provided in the administrative segregation recommendation was sufficient under the circumstances to provide him with due process (see Matter of Roe v Selsky, 250 AD2d 935, 935-936 [1998]). Moreover, the record confirms that the Hearing Officer did not err in denying petitioner’s request to call witnesses to testify as to his “routine daily activities and character,” inasmuch as such testimony would not be “material” (7 NYCRR 254.5 [a]; see Matter of Fludd v New York State Dept. of Correctional Servs., 62 AD3d 1149, 1153 [2009], lv denied 13 NY3d 705 [2009]; Matter of Curtis v Coombe, 234 AD2d 752, 753 [1996]). Further, the fact that one witness testified by speakerphone is not a basis for reversal (see Matter of Murphy v Goord, 272 AD2d 730, 730-731 [2000]), nor are we persuaded that the Hearing Officer’s determination was flawed because confidential proof and testimony were taken outside petitioner’s presence (see Matter of Torres v Doling, 257 AD2d 928, 929 [1999]).
Mercure, J.P., Spain, Kavanagh, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

 While it appears undisputed that petitioner is now released from administrative segregation, “it does not render moot his request for expungement of this determination from his record” (Matter of Cross v Selsky, 271 AD2d 815, 816 [2000]).