*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: October 30, 2014                517684
_____

In the Matter of IMHOTEP
    H'SHAKA,
                        Petitioner,

        v                                MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
    of Corrections and Community
    Supervision,
                        Respondent.
_____

Calendar Date:  September 16, 2014

Before:  Peters, P.J., Stein, McCarthy, Devine and Clark, JJ.

_____


        Imhotep H'Shaka, Dannemora, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Martin A.
Hotvet of counsel), for respondent.

_____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Franklin County)
to review a determination of respondent directing that petitioner
be placed in administrative segregation.

        Following a hearing, petitioner was placed in
administrative segregation due to his prior violent conduct and
his role in an unauthorized organization (Matter of H'Shaka v
Fischer, 100 AD3d 1056, 1056-1057 [2012]).  Inasmuch as
petitioner had been improperly denied his conditional, regulatory
right to call witnesses, this Court remitted the matter for a new
hearing (id. at 1057).  Upon rehearing, the Hearing Officer again
adopted the recommendation that petitioner be administratively
segregated, and that determination was affirmed on administrative

appeal.  This proceeding ensued.

A determination to administratively segregate an inmate will be upheld if it is supported by substantial evidence "that the inmate's presence in [the] general population would pose a threat to the safety and security of the facility" (7 NYCRR 301.4 [b]; accord Matter of Rivera v Prack, 97 AD3d 879, 880 [2012]). Moreover, as this Court has previously recognized, "[i]n the volatile atmosphere of a prison, an inmate easily may constitute an unacceptable threat to the safety of other prisoners and guards even if he himself has committed no misconduct; rumor, reputation, and even more imponderable factors may suffice to spark potentially disastrous incidents" (Matter of Wright v Commissioner of Correctional Servs., 63 AD3d 1471, 1472 [2009] [internal quotation marks and citations omitted]). Here, the written recommendation and detailed confidential testimony provide substantial evidence to support the determination that petitioner poses a threat to the safety of the general prison population and that administrative segregation is required (see Matter of Rivera v Prack, 97 AD3d at 880; Matter of Wright v Commissioner of Correctional Servs., 63 AD3d at 1472-1473).

Contrary to his further arguments, "[p]etitioner has not met his burden of establishing that he was denied a fair hearing" (Matter of Fludd v New York State Dept. of Correctional Servs., 62 AD3d 1149, 1153 [2009], lv denied 13 NY3d 705 [2009]). His assertion that the Hearing Officer was the subordinate of the author of the administrative segregation recommendation is not supported by the record. Nor did the Hearing Officer err in denying petitioner's request to call witnesses whose testimony would be immaterial or redundant in the lengthy rehearing (see Matter of Rivera v Prack, 97 AD3d at 880; Matter of Fludd v New York State Dept. of Correctional Servs., 62 AD3d at 1153). Finally, petitioner has failed to demonstrate that the decision herein flowed from the Hearing Officer's alleged bias.

Petitioner's remaining arguments have been considered and found to be lacking in merit or are otherwise not properly before us.

Peters, P.J., Stein, McCarthy, Devine and Clark, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



ENTER:

Robert D. Mayberger
Clerk of the Court