*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 19, 2015                    519362
_____

In the Matter of CLEMON JONES,
                    Petitioner,

          v                                    MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
   of Corrections and Community
   Supervision, et al.,
                    Respondents.
_____

Calendar Date:  January 20, 2015

Before:  McCarthy, J.P., Garry, Devine and Clark, JJ.

                    _____

          Clemon Jones, Attica, petitioner pro se.

          Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondents.

                    _____

          Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Commissioner of Corrections
and Community Supervision which placed petitioner in involuntary
protective custody.

          Petitioner commenced this CPLR article 78 proceeding
challenging an administrative determination directing that he be
placed in involuntary protective custody (hereinafter IPC).
Although petitioner has been transferred to another correctional
facility and is no longer in IPC, his challenge to the IPC
determination remains justiciable insofar as he seeks expungement
of such determination from his institutional record (see Matter
of Hynes v Fischer, 101 AD3d 1188, 1189 [2012]).  To that end,
our review of the record establishes that the IPC recommendation

and the testimony at the hearing, including that of petitioner, provide substantial evidence to support the determination (see Matter of Ortiz v Simmons, 67 AD3d 1208, 1209-1210 [2009]; Matter of Dawes v Fischer, 53 AD3d 902, 903 [2008]).  Contrary to petitioner's contention, the Hearing Officer was not required to assess the reliability of the statements made by the inmate who threatened petitioner's safety.  Such statements, which were relayed through the testimony of the correction officer who investigated the incident, were not confidential (see Matter of Moore v Rabideau, 250 AD2d 1008, 1009 [1998]) and, in any event, the information regarding the nature and basis for the threat was corroborated by petitioner's own testimony.  To the extent that petitioner asserts that the Hearing Officer was precluded from acting as the Hearing Officer given his involvement in the related disciplinary matter resulting from the confrontation between petitioner and the inmate who threatened him, this issue is unpreserved as he failed to raise it at the hearing (see Matter of Boswell v Coombe, 231 AD2d 940, 940 [1996]).

McCarthy, J.P., Garry, Devine and Clark, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



ENTER:

Robert D. Mayberger
Clerk of the Court