*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 9, 2015                    519358
_____

In the Matter of GEORGE
    MELENDEZ,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

COMMISSIONER OF THE DEPARTMENT
    OF CORRECTIONS AND COMMUNITY
    SUPERVISION,
                    Respondent.
_____

Calendar Date:  February 24, 2015

Before:  McCarthy, J.P., Garry, Devine and Clark, JJ.

—————————

        George Melendez, Pine City, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

—————————

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which placed petitioner in involuntary protective custody.

        Correction officials received confidential information that, due to the fact that the victim of petitioner's crime was either a member of the Bloods gang or a friend or relative of such individual, petitioner's life was in danger if he remained in the general population of the correctional facility.  After petitioner refused protective custody, a recommendation was made to place him in involuntary protective custody (hereinafter IPC).  A hearing on the matter was conducted after which a determination was issued affirming the recommendation.  The determination was

later upheld on administrative appeal and petitioner commenced this CPLR article 78 proceeding challenging it.

Initially, although petitioner has been removed from IPC and transferred to another correctional facility, his challenge to respondent's determination is not moot inasmuch as he also seeks to have it expunged from his institutional record (see Matter of Hynes v Fischer, 101 AD3d 1188, 1189 [2012]; Matter of Ortiz v Simmons, 67 AD3d 1208, 1209 [2009]). Turning to the merits, we agree with petitioner that the Hearing Officer did not conduct the necessary independent assessment of the reliability of the confidential information that provided the basis for the IPC recommendation. Although the Hearing Officer took testimony from the captain who obtained the confidential information and issued the IPC recommendation, the Hearing Officer did not conduct an in camera interview of the captain to ascertain further details of his investigation, nor did he review any notes or letters that the captain may have received that threatened petitioner's life (compare Matter of Lane v Kirkpatrick, 68 AD3d 1280, 1281 [2009]; Matter of Franklin v Hoke, 174 AD2d 908, 908 [1991]). Notably, the captain acknowledged that the confidential source who initially disclosed the threat would not identify the inmate who made it. Indeed, the only confirmation of this source's reliability was the captain's conclusory statement that he believed this individual was reliable based upon past dealings. Under the circumstances presented, we find that this was insufficient and that substantial evidence does not support the determination placing petitioner in IPC (see Matter of Hynes v Fischer, 101 AD3d at 1189-1190; Matter of Kalonji v Coughlin, 157 AD2d 941, 942-943 [1990]). In view of our disposition, we need not address petitioner's remaining claims.

McCarthy, J.P., Garry, Devine and Clark, JJ., concur.

ADJUDGED that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references thereto from petitioner's institutional record.

ENTER:

Robert D. Mayberger
Clerk of the Court