■ In the Matter of JEFFREY T. GLANDA, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [60 NYS3d 709]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent placing petitioner in involuntary protective custody.

Petitioner, an inmate who is confined to a wheelchair, was confronted by two other inmates regarding his use of a handicap-accessible shower. During a heated discussion, one of the inmates struck petitioner in the face with a combination lock. As a result, a correction lieutenant issued a recommendation that petitioner be placed in involuntary protective custody. A hearing on the matter was subsequently conducted, after which the Hearing Officer agreed with the recommendation and placed petitioner in involuntary protective custody. The determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. Initially, although petitioner has been released from involuntary protective custody and transferred to another correctional facility, the petition is not moot given that he seeks expungement of the determination from his institutional record (*see Matter of Melendez v Commissioner of the Dept. of Corr. & Community Supervision*, 127 AD3d 1369, 1369-1370 [2015]; *Matter of Jones v Fischer*, 126 AD3d 1217, 1218 [2015]). Turning to the merits, the involuntary protective custody rec-

ommendation, together with the testimony of the lieutenant who prepared it and petitioner's own testimony, provide substantial evidence supporting the determination upholding the recommendation (*see generally Matter of Jones v Fischer*, 126 AD3d at 1218; *Matter of Robinson v Fischer*, 82 AD3d 1630, 1631 [2011]). Furthermore, we do not find that petitioner was improperly denied the right to call three correction officers as witnesses given that they had no personal knowledge of the incident and their testimony would have been irrelevant (*see Matter of Sanders v Annucci*, 128 AD3d 1156, 1157 [2015], *appeal dismissed* 26 NY3d 964 [2015]; *Matter of Lane v Kirkpatrick*, 68 AD3d 1280, 1281 [2009]). In view of the foregoing, we decline to disturb respondent's determination.

Garry, J.P., Rose, Devine, Mulvey and Pritzker, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.