OPINION OF THE COURT
Joseph P. Torraca, J.
Julio Reyes is confined under the custody of the Department of Correctional Services at Auburn, New York. On or about March 26, 1983, he was allegedly involved in an incident in violation of institution rules 100.10 (assault), 100.11 (fighting), 104.11 (disturbance), 106.10 (refusing a direct order), and 107.10 (interference).
He was thereafter served with a misbehavior report charging him with such offenses. A superintendent’s proceeding was convened and the charges against him were affirmed. He was given a disposition of 90 days in the special housing unit, 90 days’ lost good time and 90 days’ loss of commissary privileges.
Julio Reyes now petitions this court pursuant to CPLR article 78 asking that the superintendent’s proceeding be declared null and void, the good time lost be restored, all privileges be restored to him and all references to the aforesaid superintendent’s proceeding be expunged from his institutional record and parole file.
*971 Respondent Coughlin has established regulations for the conduct of superintendent’s proceedings entitled “Procedures For Implementing Standards of Inmate Behavior and for Granting Good Behavior Time Allowances For Auburn Correctional Facility”. Among those regulations is the requirement that a copy of a misbehavior report be served upon the accused outlining the charges against him. Such report is to consist of, among other things, the following:
“(a) ‘You are hereby advised that no statement made by you in response to the charge, or information derived therefrom may be used against you in a criminal proceeding.’
“(b) ‘You will be permitted to call witnesses on your behalf provided that doing so does not jeopardize institutional safety or correctional goals.’ ” (7 NYCRR 251-3.1.)
Section 254.2 of such regulations further provides: “Non-English [Spanish] speaking inmates who cannot read and understand English must be given a translated notice of the charges and statements of evidence relied upon and reasons for actions taken [in Spanish], and provided with a translator who shall be present at the hearing”. (7 NYCRR 254.2.)
In his petition, Mr. Reyes states that he was offered a misbehavior report in English only and states further that such report did not contain the admonitions contained in section 251-3.1 of the regulations set forth above. A copy of the report served upon him is annexed to the petition. It is in English only and is devoid of the aforesaid paragraph.
The only response to these allegations made by the Attorney-General is a paragraph in the answer verified by counsel to the effect that petitioner’s statements are correct and that he was also offered the assistance of a Spanish speaking correctional officer.
From the evidence before the court it appears that the petitioner was denied procedural due process and that he was not given sufficient notice of those rights hereinbefore referred to. It has not been established that he was given sufficient notice of the charges against him in a language *972 that he could understand. The petition is, therefore, in all respects, granted and the disciplinary proceedings against petitioner expunged from his record.