■ In the Matter of JOSEPH COLUCCI, Respondent, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, Appellant.—Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Benson, J.), entered April 3, 1990 in Dutchess County, which, *inter alia,*

granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

On September 14, 1989 petitioner, an inmate at Green Haven Correctional Facility in Dutchess County, was served with a misbehavior report charging him with violations of three prison disciplinary rules. Following a tier II hearing, petitioner was found guilty of all charges and a penalty of one day restriction to his cell, 21 days of keeplock and 30 days' loss of recreation privileges was imposed. Upon administrative review, respondent's designee modified the Hearing Officer's disposition by restoring petitioner's recreation privileges.

Petitioner then commenced this CPLR article 78 proceeding seeking to annul respondent's determination and expunge the matter from his record upon the ground that, *inter alia,* the copy of the misbehavior report served on him did not contain the language required by 7 NYCRR 251-3.1 (a) and (b) advising him that no statement made by him in response to the charges could be used against him in any criminal matter and that he was permitted to call witnesses on his behalf. Supreme Court granted the petition, concluding that the omission of the requisite language from the report deprived petitioner of a substantial right. This appeal by respondent ensued.

Respondent contends that the absence from the misbehavior report of the language required by 7 NYCRR 251-3.1 (a) and (b) did not result in any actual prejudice to petitioner and, therefore, Supreme Court erred in granting the petition. We agree. At the commencement of the hearing, petitioner was informed by the Hearing Officer that he was entitled to call witnesses on his behalf and that nothing said by him at the hearing could be used against him in any criminal proceeding. Petitioner indicated that he understood these rights and, in response to a specific inquiry by the Hearing Officer, stated that he did not wish to call any witnesses. Petitioner then pleaded not guilty and, upon reciting the provisions of 7 NYCRR 251-3.1 (a) and (b), requested that all of the charges be dismissed based on the defective misbehavior report. Thereafter, petitioner was asked by the Hearing Officer whether he wished to make any further statement and petitioner stated that he did not.

From the foregoing, it is apparent that petitioner was aware of his rights as set forth in 7 NYCRR 251-3.1 (a) and (b) both prior to and at the time of his hearing. Clearly, had petitioner

invoked his right to call witnesses at the time of the hearing, he would have been entitled to an adjournment for that purpose *(see, Matter of Shipman v Coughlin,* 98 AD2d 823). However, by declining to exercise that right or to otherwise respond to the charges against him, petitioner effectively waived his right to do so *(cf., supra; Matter of Reyes v Henderson,* 121 Misc 2d 970). Under these circumstances, we cannot conclude that the defective misbehavior report resulted in any prejudice to petitioner *(see, Matter of Wiederhold v Scully,* 141 AD2d 550; *Matter of Law v Racette,* 120 AD2d 846, 848). Accordingly, respondent's determination should have been confirmed.

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Mahoney, P. J., Mikoll, Levine, Crew III and Harvey, JJ., concur.