■ In the Matter of HECTOR L. JIMENEZ, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents. [615 NYS2d 104] — Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After a hearing, petitioner was found guilty of violating inmate rules which prohibit fighting, assault and possession of a weapon. Petitioner thereafter commenced this proceeding which has been transferred to this Court on the issue of whether substantial evidence supports the determination. Two further issues have been raised: whether petitioner was prejudiced by failure of a witness to endorse the misbehavior report and whether the Hearing Officer was biased.

The charges were supported by two inmate misbehavior

reports. In the first, a correction sergeant stated that petitioner admitted to him that he had assaulted an inmate by cutting him on the face with a razor. Approximately 30 stitches were required to close the wound. The sergeant who prepared the first report also testified at the hearing. In the second misbehavior report, a correction officer stated that he had witnessed petitioner in the mess hall and saw him drop a shiny object into another inmate's left hand glove. The object was dropped in the sand by still another inmate to whom it had been passed and when it was retrieved it proved to be a razor blade. Reports of two correction officers involved in the recovery of the razor blade were admitted at the hearing. Another correction officer testified that petitioner, while at another correctional facility, had previously been cut by the twin brother of the victim.

The two misbehavior reports, testimony and other reports supplied substantial evidence to support the finding of petitioner's guilt of the charges. The testimony about the prior cutting of petitioner by the victim's twin brother provided a motive for the attack. Petitioner's claim that the Hearing Officer did not credit his testimony raises only a credibility issue that was resolved against him by the Hearing Officer *(see, Matter of Perez v Wilmot,* 67 NY2d 615, 616-617). Although the first misbehavior report was not signed or endorsed by a second correction officer who was present during petitioner's admission but had gone home before the report was prepared, that fact has not been shown to have prejudiced petitioner, who was given the opportunity to call the other correction officer as a witness and declined *(see, Matter of Colucci v Scully,* 173 AD2d 953). Finally, we have examined the record and find no merit in petitioner's claim that the Hearing Officer was prejudiced. The Hearing Officer discharged his duties in a fair and impartial manner.

Accordingly, the determination is confirmed and the petition dismissed.

Mercure, J. P., White, Weiss and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.