■ In the Matter of CHARLES D. HASTINGS, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [633 NYS2d 650] —Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

A search of a package being mailed by petitioner, an inmate at Elmira Correctional Facility in Chemung County, revealed that petitioner had improperly used old towels for padding and petitioner was disciplined accordingly. Three months later, a stolen trinket was recalled to have been in the package and, petitioner was again disciplined. Petitioner commenced this proceeding challenging the determination that he had possessed the stolen trinket.

The testimony of the correction officer performing the package inspection provided substantial evidence to support the determination (see, Matter of Bostic v Coughlin, 216 AD2d 766). The fact that there was an extended delay linking the stolen trinket and the one observed in the package mailed by petitioner months earlier, and the circumstances surrounding such linking, merely raised an issue of credibility for the Hearing Officer to resolve (see, Matter of Hernandez v LeFevre, 150 AD2d 954, lv denied 74 NY2d 615; Matter of Bernacet v Coughlin, 145 AD2d 802, lv denied 74 NY2d 603).

Not having expressed a desire to call as a witness or otherwise contact the recipient of the package to establish that the package did not contain the trinket, petitioner effectively waived his right to do so (see, Matter of Colucci v Scully, 173 AD2d 953, 955). It was acknowledged that the trinket was not a topic of the misbehavior report involving the improper use of the towels and, as that issue was not in controversy, there was no error in failing to introduce the report as an exhibit. Petitioner's remaining contentions have been examined and found to be without merit.

Cardona, P. J., Casey, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.