In the Matter of DONALD L. CURTIS, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, Respondent. [651 NYS2d 653] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany Court) to review a determination of respondent which placed petitioner in administrative segregation.

On September 5, 1995, a letter dated August 30, 1995 from the Criminal Defense Division of the Legal Aid Society in New York City was received at Auburn Correctional Facility in Cayuga County addressed to petitioner. After expressing salutations specifically to petitioner, the letter, which is unauthored, begins, "I have received your letter and am responding in order to dispel several misconceptions." It goes on to discuss, *inter alia*, an alleged two-week shutdown at the facility, acknowledges petitioner's employment in the prison law library and instructs petitioner to destroy it as well as a previous letter.

As a result of petitioner's receipt of this letter, he was administratively segregated in the special housing unit of the facility and later served with an administrative segregation recommendation which stated that he had been segregated

because the contents of the August 30, 1995 letter suggest that he is a "contact person [at] the facility regarding a proposed inmate protest" and segregation is necessary for the safety and security of the facility. Following a hearing, the Hearing Officer accepted the recommendation that petitioner be placed in administrative segregation and this disposition was subsequently affirmed on administrative appeal. Petitioner commenced this CPLR article 78 proceeding to challenge this determination, and we now confirm.

Initially, we reject petitioner's contention that his due process rights were violated when he was not given a copy of the August 30, 1995 letter prior to the hearing. Given the contents of the letter—which prison officials would understandably not want circulated in the interest of security—and the fact that petitioner was permitted to examine it at the hearing and comment on its contents, we discern no violation of petitioner's rights (*see generally, Matter of Bryant v Mann*, 160 AD2d 1086, 1088, *lv denied* 76 NY2d 706). Indeed, petitioner has failed to demonstrate that his late review of this document prevented him from responding to it or otherwise presenting his views at the hearing (*see, Matter of Blake v Coughlin*, 189 AD2d 1016). We are further unpersuaded that petitioner was denied a fair hearing by the Hearing Officer's refusal to call a particular Legal Aid attorney as a witness, as it was not demonstrated that this individual could provide any direct or relevant testimony concerning the August 30, 1995 letter or petitioner's alleged status as a protest contact person (*cf., supra*).

Finally, we find that the determination sustaining administrative segregation is supported by substantial evidence. The contents of the August 30, 1995 letter clearly indicate that petitioner had previously corresponded with Legal Aid about a two-week shut down at the facility and had knowledge of an earlier letter circulated among inmates which he was asked to destroy. Notably, petitioner does not deny corresponding with Legal Aid; he simply denies corresponding with the Criminal Defense Division of that organization. Because this letter is evidence that petitioner was involved in a proposed shut down or inmate protest, there is substantial evidence that petitioner's presence in the general population "would pose a threat to the safety and security of the facility" (7 NYCRR 301.4 [b]).

We have reviewed petitioner's remaining contentions and find them to be lacking in merit.

Mercure, J. P., Crew III, Casey and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.