# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

589

TP 12-02389

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF OMAN GUTIERREZ, PETITIONER,

V                                                    MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered December 19, 2012) to review a determination of respondent.  The determination segregated petitioner from the general population.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum:  In this CPLR article 78 proceeding, which was transferred to this Court pursuant to CPLR 7804 (g), petitioner seeks review of respondent's determination directing that he be placed in administrative segregation.  Contrary to petitioner's contention, substantial evidence supports the determination that petitioner's presence in the general population would pose a threat to the safety and security of the facility where he is incarcerated (*see generally* 7 NYCRR 301.4 [b]; *Matter of Blake v Selsky*, 10 AD3d 774, 775; *Matter of O'Keefe v Coombe*, 233 AD2d 640, 640).  Petitioner's further contention that he was impermissibly denied the right to observe the search of his cell is without merit (*cf. Matter of Morales v Fischer*, 89 AD3d 1346, 1347; *Matter of Johnson v Goord*, 288 AD2d 525, 526).

Petitioner's contention that he was denied due process as a result of the hearing officer's denial of his request to call several witnesses and provide certain documents is without merit.  A petitioner's due process rights with respect to matters of involuntary administrative segregation are "satisfied by notice to petitioner and an opportunity to present his [or her] views" (*Matter of Blake v Coughlin*, 189 AD2d 1016, 1017; *see Matter of Burr v Goord*, 17 AD3d

751, 752), which petitioner was afforded here.