Appeal from a judgment of the Supreme Court (O’Connor, J.), entered April 22, 2013 in Ulster County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Corrections and Community Supervision directing that petitioner be placed in administrative segregation.
In 2010, petitioner was convicted of enterprise corruption in the second degree, scheme to defraud in the first degree and grand larceny in the second degree and was sentenced to an aggregate term of 8V3 to 25 years in prison. While he was incarcerated, he was indicted for attempted murder in the first degree, attempted murder in the second degree and conspiracy in the second degree in connection with an alleged plot to kill a witness who testified against him at trial. As a result, a report was prepared by an investigator with the Inspector General’s office of the Department of Corrections and Community Supervision recommending that petitioner be placed in administrative segregation. Following a hearing, the Hearing Officer adopted this recommendation and the determination was later affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination.* Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.
*983 Petitioner’s sole contention is that he was improperly denied requested witnesses at his administrative segregation hearing. In particular, he claims that he was not permitted to question the attorney representing him in the criminal matter or a prosecutor with the Manhattan District Attorney’s office. A review of the transcript of the administrative segregation hearing, however, reveals that — although petitioner mentioned his attorney — he did not request the attorney or the prosecutor as witnesses even though the Hearing Officer specifically asked him if there were any individuals that he wanted to testify. Accordingly, petitioner cannot complain as he waived his right to call witnesses (see Matter of Hastings v Coughlin, 221 AD2d 742, 742 [1995]; Matter of Colucci v Scully, 173 AD2d 953, 954-955 [1991]).
Peters, PJ., Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

 Although petitioner was released from administrative segregation in April 2012, this does not render moot his request for expungement of the determination from his institutional record (see Matter of Deboue v Fischer, 108 AD3d 818, 819 [2013]).