# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

610

TP 14-01351

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

IN THE MATTER OF SAIFUDDIN ABDUS-SAMAD,
PETITIONER,

V                                          MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

SAIFUDDIN ABDUS-SAMAD, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Cayuga County [Thomas G. Leone, A.J.], entered July 22, 2014) to review a determination of respondent. The determination directed that petitioner be placed in administrative segregation.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: In this CPLR article 78 proceeding transferred to this Court pursuant to CPLR 7804 (g), petitioner challenges the determination placing him in administrative segregation. We note at the outset that, as respondent correctly concedes, petitioner's release from administrative segregation did not render moot that portion of the petition seeking expungement of all references to such placement in his institutional record (*see Matter of Mauleon v Goord*, 18 AD3d 992, 992).

We reject petitioner's contention that the administrative segregation recommendation lacked sufficient detail to permit him to prepare a defense and thereby denied him due process. "A petitioner's due process rights with respect to matters of involuntary administrative segregation are 'satisfied by notice to petitioner and an opportunity to present his [or her] views' " (*Matter of Gutierrez v Fischer*, 107 AD3d 1463, 1463, *lv denied* 22 NY3d 855, *rearg denied* 23 NY3d 938). Here, the administrative segregation recommendation gave petitioner adequate notice that he was accused of participating in the organization of a facility-wide work strike and exploiting his leadership position among the Muslim inmates to facilitate the

communication of information damaging to the facility by means of an unauthorized flyer.  Inasmuch as petitioner had an opportunity to call witnesses and otherwise respond to the accusations against him at the hearing, the requirements of due process were satisfied (*see generally Matter of Curtis v Coombe*, 234 AD2d 752, 753).  Contrary to petitioner's further contention, he was not entitled to the disclosure of confidential information considered by the Hearing Officer (*see Matter of McDuffy v Fischer*, 107 AD3d 1190, 1190).  That confidential information, moreover, provided substantial evidence that petitioner posed a threat to the safety and security of the facility, and thus supported the determination placing him in administrative segregation (*see Matter of H'Shaka v Fischer*, 121 AD3d 1455, 1456, *lv denied* 24 NY3d 913).

Entered:  July 1, 2016                          Frances E. Cafarell
                                                Clerk of the Court