# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1068**
**TP 16-00196**
PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF LUIS ROSALES, PETITIONER,

              V                             MEMORANDUM AND ORDER

DONALD E. VENETOZZI, DIRECTOR, SPECIAL HOUSING
UNIT, DISP. PROGRAM, AND NEW YORK STATE DEPARTMENT
OF CORRECTIONS AND COMMUNITY SUPERVISION,
RESPONDENTS.

---

LUIS ROSALES, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARTIN A. HOTVET OF
COUNSEL), FOR RESPONDENTS.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Russell P. Buscaglia, A.J.], entered February 2, 2016) to review a determination of respondents. The determination placed petitioner in administrative segregation.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: In this CPLR article 78 proceeding transferred to this Court pursuant to CPLR 7804 (g), petitioner challenges the determination placing him in administrative segregation (*see* 7 NYCRR 301.4). Petitioner contends that the administrative segregation recommendation was vague and deprived him of the opportunity to present his views at the hearing. We reject that contention. "A petitioner's due process rights with respect to matters of involuntary administrative segregation are 'satisfied by notice to petitioner and an opportunity to present his [or her] views' " (*Matter of Gutierrez v Fischer*, 107 AD3d 1463, 1463, *lv denied* 22 NY3d 855, *rearg denied* 23 NY3d 938; *see Matter of Blake v Coughlin*, 189 AD2d 1016, 1017; *see also Matter of Abdus-Samad v Annucci*, 141 AD3d 1101, 1101; *Matter of Roe v Selsky*, 250 AD2d 935, 936). Here, we conclude that the administrative segregation recommendation could not have included greater detail without compromising confidential information and the person from whom that information was obtained (*see Roe*, 250 AD2d at 936). Moreover, the hearing record, including the documentary evidence submitted by petitioner in connection therewith, supports the fact that petitioner was generally aware of the basis of the administrative segregation recommendation. Thus, given the particular

circumstances presented in this case, we conclude that petitioner was provided sufficient notice and an opportunity to present his views at the hearing.

Contrary to petitioner's further contention, the determination placing him in administrative segregation is supported by substantial evidence, including the confidential information considered by the Hearing Officer (*see Abdus-Samad*, 141 AD3d at 1102; *Matter of H'Shaka v Fischer*, 121 AD3d 1455, 1456, *lv denied* 24 NY3d 913).

Entered:  November 18, 2016                    Frances E. Cafarell
                                               Clerk of the Court