Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent directing that petitioner be placed in administrative segregation.
When petitioner, an inmate, was directed to sit in a chair known as a BOSS chair, the alarm sounded but, after a search, no contraband could be found.[1] An X ray revealed that petitioner had a heart-shaped object beneath the skin of his penis. He was referred for a medical evaluation but refused to have the object removed. As a result, a recommendation was made to have him placed in administrative segregation, which he opposed. Following a hearing, a Hearing Officer affirmed the recommendation, which was upheld on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding seeking release from administrative segregation and reversal and expungement of the determination.
Initially, petitioner has since been released from prison to parole supervision, rendering moot his request for release from administrative segregation. However, his request for expungement of the determination from his institutional record is not moot (see Matter of Hand v Prack, 114 AD3d 982, 982 n [2014]; Matter of Deboue v Fischer, 108 AD3d 818, 819 [2013]).
Addressing petitioner’s request for expungement, a determination to administratively segregate an inmate will be upheld if it is supported by substantial evidence “that the inmate [⅛] presence in [the] general population would pose a threat to the safety and security of the facility” (7 NYCRR 301.4 [b]; see Matter of Valle v Prack, 128 AD3d 1252, 1253 [2015]; Matter of *1433 H’Shaka v Fischer, 121 AD3d 1455, 1456 [2014], lv denied 24 NY3d 913 [2015]). Here, the administrative segregation recommendation, together with the X ray and testimony of petitioner, provide substantial evidence supporting the determination. The recommendation relied upon a memorandum issued by the Deputy Commissioner/Chief Medical Officer in 2010, which established a protocol for how to deal with removable and affixed body or dental jewelry. The memorandum provides that if an item is not medically necessary and “is affixed to the inmate’s body and the inmate refuses to allow it to be removed,” force will not be used to remove it but, instead, the inmate will be confined and a recommendation will be issued for administrative segregation and a hearing conducted.”
Petitioner testified, claiming that the object is ceramic and had been implanted years earlier; he opposed its removal due to possible harm that could result. He also asserted that he had been incarcerated since 2008 and that the object had not caused the BOSS chair alarm to sound since the incident which led to the administrative segregation recommendation. The medical consultant recommended that they “leave [the object] alone as it will disfigure his phallus to remove it and it is not a threat.”[2] However, the Hearing Officer concluded that it could not be determined of what material the object was made (plastic, ceramic or metal) or whether the object constituted contraband and could be used as a potential weapon, in an escape or to disrupt the security of the facility. We are mindful that “a prison’s internal security is peculiarly a matter normally left to the discretion of prison administrators” (Matter of Smith v Goord, 250 AD2d 946, 946-947 [1998] [internal quotation marks and citations omitted], lv denied 92 NY2d 810 [1998]). In petitioner’s case, if the BOSS chair alarm is triggered, staff will not be able to determine whether the alarm is caused by the implant or by contraband ingested by petitioner. Such an alarm may then necessitate further procedures to protect the safety and security of the facility, such as contraband watches or X rays, which are labor intensive and expensive. Under these circumstances and given the security concerns presented by an imbedded object of unknown composition and removability, we find that substantial evidence supports the determination that petitioner’s placement in the gen *1434 eral population would pose a risk to the security and safety of the facility (see 7 NYCRR 301.4 [b]).
Peters, P.J., Garry, Egan Jr., Mulvey and Aarons, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.

. A BOSS chair is a “non-intrusive scanning system designed to detect small weapons or contraband metal objects concealed in [body] cavities” (Florence v Board of Chosen Freeholders of County of Burlington, 621 F3d 296, 310 [3d Cir 2010], affd 566 US 318 [2012]).

. There is no evidence that the object is medically necessary nor is there direct medical evidence that the object could only be removed surgically. The Hearing Officer relied upon the administrative segregation recommendation, which — based upon the medical consultant’s report — -concluded that the object “was not easily removable.” The Hearing Officer concluded from petitioner’s testimony that the object “cannot be removed without surgery.”