Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision directing that petitioner be placed in administrative segregation.
 

 Correction officials received confidential information that petitioner was using his position on the inmate liaison committee to influence inmates to participate in an organized demonstration in the mess hall. Specifically, on the morning of March 21, 2016, there was a considerable reduction in attendance at the mess hall, the majority of those inmates who did attend were dressed only in state-issued clothing and all inmates refused to eat. As a result of confidential information received, a recommendation was made to have petitioner placed in administrative segregation. Following a hearing, the Hearing Officer affirmed the recommendation and the determination was later upheld on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding.
 

 We confirm. Initially, the proceeding was properly transferred inasmuch as the petition raised an issue of substantial evidence (see Matter of Macedonio v Annucci, 142 AD3d 1215, 1215 n [2016]). Turning to the merits, the written administrative segregation recommendation, testimony at the hearing and the confidential information provide substantial evidence to support the determination “that [petitioner’s] presence in [the] general population would pose a threat to the safety and security of the facility” (7 NYCRR 301.4 [b]; see Matter of Valle v Prack, 128 AD3d 1252, 1253 [2015]; Matter of H’Shaka v Fischer, 121 AD3d 1455, 1456 [2014], lv denied 24 NY3d 913 [2015]). We are unpersuaded by petitioner’s assertion that he was given inadequate notice that confidential information would be considered (see Matter of Ricco v Goord, 4 AD3d 707, 708 [2004], lv denied 2 NY3d 707 [2004]). Furthermore, contrary to petitioner’s contention, we find that the confidential information, which was from multiple sources, contained sufficient detail in order for the Hearing Officer to independently assesses its reliability (see Matter of Valle v Prack, 128 AD3d at 1253).
 

 We find no merit in petitioner’s assertion that the Hearing Officer improperly denied his right to call witnesses whose testimony would have been redundant (see Matter of H’Shaka v Fischer, 121 AD3d at 1456; Matter of Fludd v New York State Dept. of Correctional Servs., 62 AD3d 1149, 1153 [2009], lv denied 13 NY3d 705 [2009]). Furthermore, petitioner’s assertion that the Hearing Officer was biased is not supported by the record, which demonstrates that the determination flowed from the evidence presented and not as a result of any bias on the part of the Hearing Officer (see Matter of Valle v Prack, 128 AD3d at 1253; Matter of H’Shaka v Fischer, 121 AD3d at 1457). Petitioner’s remaining contentions have been reviewed and found to be without merit.
 

 McCarthy, J.P., Lynch, Clark, Rumsey and Pritzker, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.