Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision directing that petitioner be placed in administrative segregation.
 

 While petitioner was incarcerated at Elmira Correctional Facility, the Offender Rehabilitation Coordinator at the facility issued a recommendation directing that he be placed in administrative segregation. The recommendation was based upon information obtained during the course of an investigation that petitioner, a known gang member, had initiated fights with rival gang members, escalating tension between the groups that led to a lock down of the facility. Following a hearing, the Hearing Officer rendered a determination adopting the recommendation. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.
 
 *
 

 We confirm. “A determination to administratively segregate an inmate will be upheld if it is supported by substantial evidence ‘that the inmate [⅛] presence in [the] general population would pose a threat to the safety and security of the facility’ ” (Matter of H’Shaka v Fischer, 121 AD3d 1455, 1456 [2014], lv denied 24 NY3d 913 [2015], quoting 7 NYCRR 301.4 [b]; see Matter of Valle v Prack, 128 AD3d 1252, 1253 [2015]). Here, the administrative segregation recommendation, testimony of the individual who prepared it and that of a correction sergeant familiar with petitioner’s gang affiliation, as well as the confidential testimony considered by the Hearing Officer in camera, provide substantial evidence supporting the determination (see Matter of Valle v Prack, 128 AD3d at 1253; Matter of Cross v Selsky, 271 AD2d 815, 816 [2000]; Matter of Rosales v Goord, 265 AD2d 713, 713-714 [1999], lv denied 94 NY2d 758 [2000]). Significantly, the evidence established that petitioner was a known gang member who had initiated physical altercations with rival gang members that created a highly volatile environment, and his reintroduction into the general population was likely to jeopardize institutional safety.
 

 As for petitioner’s claim that he was improperly denied the right to call a certain correction sergeant as a character witness, we find such claim to be unavailing, given that such testimony was not material (see Matter of Rivera v Prack, 97 AD3d 879, 880 [2012]). We further find that the administrative segregation recommendation contained enough detail to provide petitioner with sufficient notice and an opportunity to present his views at the hearing (see Matter of Rosales v Venetozzi, 144 AD3d 1687, 1688 [2016]; Matter of Abdus-Samad v Annucci, 141 AD3d 1101, 1101-1102 [2016], lv denied 28 NY3d 909 [2016])- We have considered petitioner’s remaining contentions, to the extent that they have been preserved for our review, and find them to be unpersuasive.
 

 McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.
 

 *
 

 Although petitioner was released from administrative segregation in June 2014, thereby rendering his request for release moot, his request for expungement of the administrative segregation determination from his institutional record is not moot (see Matter of Santana v Annucci, 149 AD3d 1432, 1432 [2017]).