Matter of McKethan v Harris (2018 NY Slip Op 06541)





Matter of McKethan v Harris


2018 NY Slip Op 06541


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-00197
 (Index No. 673/16)

[*1]In the Matter of William McKethan, petitioner,
v
R. Harris, etc., respondent.


William McKethan, Beacon, NY, petitioner pro se.
Barbara D. Underwood, Attorney General, New York, NY (Judith N. Vale and David Lawrence III of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Fishkill Correctional Facility dated February 17, 2016, which affirmed a determination of a hearing officer dated February 10, 2016, made after a tier II disciplinary hearing, finding the petitioner guilty of violating Institutional Rules of Conduct rule 106.10 (violating a direct order), 107.10 (interfering with an employee), and 109.12 (violating staff directions relating to movement) (7 NYCRR 270.2[B][7][i]; [8][i]; [10][iii]), and imposing penalties.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
Contrary to the petitioner's contention, the determination under review was supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181; Matter of Loiacono v Demarzo, 72 AD3d 969, 970). The ruling of the hearing officer, denying the petitioner's request to call a character witness, did not violate the petitioner's right to call witnesses and complied with the relevant regulations, since such testimony would not have been material to the issues before the hearing officer (see 7 NYCRR 254.5[a]; Matter of Navarro v Prack, 156 AD3d 994, 995; Matter of Rivera v Prack, 97 AD3d 879, 880).
The petitioner's remaining contentions are without merit.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court